

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2005

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2041

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lin v. Atty Gen USA" (2005). *2005 Decisions*. Paper 404.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/404

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2041

_____

KAI LIN,

Petitioner

v.

UNITED STATES DEPARTMENT OF JUSTICE,
ALBERTO R. GONZALES,*
Attorney General of the United States

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A77-341-294)

_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2005

Before:  ROTH, McKEE and FISHER, *Circuit Judges.*

(Filed: October 17, 2005)

_____

OPINION OF THE COURT

_____

---

*Attorney General Alberto R. Gonzales has been substituted for former Attorney General John Ashcroft, the original respondent in this case, pursuant to Fed. R. App. P. 43(c).

FISHER, *Circuit Judge*.

Petitioner Kai Lin, a citizen of China, petitions for review of a decision of the Board of Immigration Appeals ("Board") entered March 31, 2004, affirming denial of his applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). We will deny the petition.

I.

Petitioner arrived in the United States on November 12, 2000, without valid immigration documents and was immediately deemed subject to removal. The Immigration and Naturalization Service[1] subsequently instituted removal proceedings against him under 8 U.S.C. §§ 1182(a)(6)(C)(i) (alien seeks to procure entry by fraud or wilful misrepresentation of material fact) and 1182 (a)(7)(A)(i)(1) (alien not in possession of valid entry documents). Petitioner then filed applications for asylum, withholding of removal, and protection under the CAT, citing his wife's second pregnancy and forced abortion and their attempts to avoid that event, and his fear that, if he returned to China, he would be persecuted for his actions in opposition to the country's family planning policy.

---

[1]On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice and its functions were transferred to the newly formed Department of Homeland Security. *See* Homeland Security Act, Pub. L. No. 107-296, § 441, 116 Stat. 2135, 2192 (2002). The former INS was divided into three separate agencies: United States Immigration and Customs Enforcement; Bureau of Customs and Border Protection; and the United States Citizenship and Immigration Services. *Joseph v. Attorney General*, 421 F.3d 224, 225 n.2 (3d Cir. 2005).

Petitioner appeared before an Immigration Judge ("IJ") on October 26, 2001. After eliciting minimal testimony from petitioner, his counsel requested a continuance, citing concerns with petitioner's mental and physical capacities and noting that "what [he has] told us today just simply doesn't make sense." The IJ stated on the record that he too had observed petitioner stuttering, making "violent head jerks," and constantly contradicting himself. (App. at 118 ("[T]he testimony is so contradictory[;] [he] can't remember two minutes after he tells me one thing[] what he's told me because he immediately contradicts it. [I] was tempted to just cut this hearing short and . . . [order removal] for lack of credibility, but there may be some organic problem here.").) Speculating that perhaps petitioner required medical attention, the IJ granted the continuance. When petitioner subsequently appeared before him on November 4, 2002, the IJ reviewed the reason for the continuance and asked whether petitioner had sought medical attention. Counsel represented that, despite their urging, he had not visited a doctor or a speech therapist; petitioner stated: "I didn't need to see a doctor." Before resuming testimony, the IJ warned that, to the extent petitioner continued to contradict himself, such would be viewed as having "nothing to do with any psychological or medical problem." After the hearing, the IJ denied petitioner's applications for asylum, withholding of removal and protection under the CAT, citing specific contradictions in his testimony and deeming him "totally incredibl[e]." (App. at 85 ("It is obvious to the Court that [petitioner] is making up his testimony as he is going along . . . .").) Petitioner

3

appealed and on March 31, 2004, the Board affirmed the IJ's decision without opinion. This petition for review followed on April 23, 2004.

On May 10, 2004, petitioner filed a motion to reopen the Board's decision; attached thereto was a psychologist's report, attempting to explain why petitioner had contradicted himself and/or otherwise behaved oddly during the hearing. By opinion dated September 9, 2004, the Board denied the motion to reopen, noting that the psychologist's report did not refer to any specific testimony and did not otherwise establish petitioner as credible. Additionally, the Board noted that petitioner had been given ample opportunity to submit this type of evidence to the IJ but failed to do so. petitioner did not appeal this order.

## II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). Because the BIA affirmed the IJ's decision without opinion, we review the decision of IJ. *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir. 2005) (citing *Abdulai v. Ashcroft*, 239 F.3d 542, 549 n.2 (3d Cir.2001)).

An alien has the burden of supporting his claim for relief from removal. His credibility, by itself, may satisfy the burden, or doom the claim. *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (en banc). Testimony, by itself, is sufficient to meet the burden if "credible." *Id*. (quoting 8 C.F.R. § 208.13(a)). An adverse credibility determination is a finding of fact, *id.*, which we review under the standard found in 8 U.S.C.

4

§ 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). This standard has been interpreted to require the finding be supported by substantial evidence. *Dia*, 353 F.3d at 247-48 (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 248 (internal citation, quotation omitted). We require that an adverse credibility determination be supported by specific and cogent reasons for disbelief, *see id.* at 249, but recognize that an "immigration judge alone is in a position to observe an alien's tone and demeanor, to explore inconsistencies in testimony, and to apply workable and consistent standards in the evaluation of testimonial evidence. He is, by virtue of his acquired skill, uniquely qualified to decide whether an alien's testimony has about it the ring of truth," *Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003) (quoting *Sarvia-Quintanilla v. INS*, 767 F.2d 1387, 1395 (9th Cir. 1985)).

Pursuant to 8 U.S.C. § 1158(b)(1)(B)(iii), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, inconsistencies, inaccuracies, or falsehoods identified by an IJ giving rise to an adverse credibility determination may now be made "without regard" to whether they "go[] to the heart of the applicant's claim." *Cf. Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). Rather, amended § 1158(b)(1)(B)(iii) states:

> (iii) Credibility Determination-Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination

5

on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor. There is no presumption of credibility, however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.

8 U.S.C. § 1158(b)(1)(B)(iii).

IV.

Petitioner argues the adverse credibility determination is not supported by substantial evidence. Specifically, he asserts that many of the inconsistencies cited by the IJ as the basis for his decision arise not from his testimony but from the IJ's misunderstanding of it. Additionally, he asserts that the adverse credibility determination was based on immaterial inconsistencies that do not detract from the cogency of petitioner's basic claim. We have reviewed petitioner's arguments against the record and conclude that there are sufficient material inconsistencies to uphold the adverse credibility determination, and specifically to satisfy amended § 1158(b)(1)(B)(iii). Specifically, as the IJ noted, the contradictions were rife among petitioner's application for asylum, his supporting affidavit, and his testimony on basic facts central to his claim for relief, including the date of the IUD insertion, the date of his pregnant wife's physical

6

examination by local officials, the date of the abortion, and the events surrounding their attempt to hide from local officials. This record simply would not compel a reasonable adjudicator to reach a conclusion opposite to that reached by the IJ.

Acknowledging, as he must, that there are many unexplained inconsistencies in the record, petitioner next argues that, where an IJ observes behavior causing him to question a petitioner's competency, it is reversible error to base an adverse credibility finding on such behavior. We cannot agree on this record. Here, the IJ granted a lengthy continuance and warned that petitioner's behavior would have be viewed as adversely impacting his credibility without medical documentation to support that his behavior stemmed from something other than untruthfulness. When the hearing resumed, the IJ specifically inquired whether medical documentation was available, but none was forthcoming. The psychologist's report attached to the motion to reopen was not before the IJ when he made the decision now under review. We lack jurisdiction to review the Board's denial of the motion to reopen in the absence of a separate appeal therefrom, *see Nocon v. INS*, 789 F.2d 1028, 1033 (3d Cir. 1986) (stating that final deportation orders and orders denying motions to reopen or reconsider are "independently reviewable final orders"), and thus cannot rely on the psychologist's report as undermining the adverse credibility finding, *see* 8 U.S.C. § 1252(b)(4)(a) ("[A] court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

Accordingly, the petition for review will be denied.

7